[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memdorandum Filed July 10, 1997
The respondents in this action have filed an Application to Correct or Vacate Arbitration Award and have asked that an evidentiary hearing be held on the motion.
They claim the arbitrator exceeded the authority of the submission, exhibited partiality, and excluded certain evidence. They argue that the interests of justice require that an evidentiary hearing be held in order to determine the validity of their claims. They propose to submit testimony from the defendants themselves, their expert witness and their attorney at CT Page 12446 the arbitration proceedings.
There was no transcription made of the arbitration proceeding, thus no record exists to prove their claims. To accede to the defendant's request would essentially result in a de-novo hearing before the Court. Since there is no record of the arbitration proceedings, this Court would not be reviewing that hearing, but conducting an entirely new one. That is not the function of the Court in this type of case.
In this case the record shows that the parties entered into a partnership agreement in 1988. The agreement provided that, upon dissolution, if they could not agree on the methods and details of liquidating the partnership, the controversy would be settled by arbitration under the rules and regulations of the American Arbitration Association with the findings to be final and binding on the parties.
As provided for in the agreement the petitioner filed a demand for arbitration and an arbitrator agreed to by the parties heard the matter.
In a written memorandum, the arbitrator made an award to the petitioner. His decision reveals that he had and considered the terms of the partnership agreement, that evidence was presented, that each side presented experts with respect to valuation of the business, and that counsel for both sides submitted post-hearing memoranda.
Based on these facts there is no necessity for an evidentiary hearing. There is sufficient record and information for a reviewing Court to confirm or vacate the arbitration award.
Respondents are to file briefs within 10 days of this decision. Petitioner shall file a reply brief within 10 days thereafter.
KLACZAK, J. CT Page 12447